# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ROGER SIMPSON,

      Petitioner,           :

                                                          Case No. 1:21-cv-777

- vs -                                          District Judge Timothy S. Black
                                                          Magistrate Judge Michael R. Merz

TIM SHOOP, WARDEN,
Chillicothe Correctional Institution

      Respondent.           :

## SUBSTITUTED REPORT AND RCOMMENDATIONS

This habeas corpus case, brought by Petitioner Roger Simpson with the assistance of counsel, is before the Court on Petitioner's Objections (ECF No. 27) to the undersigned's Report and Recommendations (ECF No. 20). District Judge Black has recommitted the case for reconsideration in light of the Objections (ECF No. 28). The time within which the Attorney General could have responded to the Objections has expired and no response has been filed.

Initial review of the Objections persuades the undersigned that a substantially different analysis of the issues in the case is required. Accordingly, the prior Report (ECF No. 20) is WITHDRAWN and this Report substituted for it.

On June 14, 2017, a Butler County grand jury indicted Simpson on twenty-three counts of sexual misconduct: ten counts of rape, five counts of sexual battery, two counts of kidnapping, four counts of complicity to rape, and two counts of complicity to sexual battery. (ECF No. 4, Exhibit 1; PageID 11-26). Simpson's charges arose from his participation, along with two

1

codefendants, in a rape of a single victim, B.H., on February 11-12, 2017, at Miami University. A jury convicted Simpson on all counts. After some mergers of allied offenses, he was sentenced to a total of fifty-one years imprisonment on five counts of rape, one count of kidnapping, and two counts of complicity to rape.

Simpson appealed to the Twelfth District Court of Appeals, raising two assignments of error. That court affirmed the convictions. *State v. Simpson*, 2019-Ohio-1493 (Ohio App. 12th Dist. Apr. 22, 2019). Simpson did not seek review in the Supreme Court of Ohio. The two assignments of error raised on direct appeal are no longer at issue in the case.

On July 22, 2019, Simpson, represented by the same counsel who represents him here, filed an Application to Reopen his direct appeal under Ohio R. App. P. 26(B). He claimed counsel on direct appeal was ineffective for omitting the following assignments of error:

> 1. The trial court erred by admitting codefendant Gibson's out-of-court hearsay statements that inculpated Simpson over Simpson's objections.
>
> 2. The trial court erred by sentencing Simpson to an aggregate 51-year prison term after a jury trial, where codefendant Mincy received an 8-year term upon a plea and codefendant Gibson received a 5-year term upon a plea.
>
> 3. The trial court erred by failing to record the rape-shield hearing, failing to journalize its rape-shield holding, and failing to preserve and file the proffered exhibit containing the rape-shield evidence.

(26(B) Application, State Court Record, ECF No. 4, Exhibit 9, PageID 96).

The Twelfth District denied the Application and Simpson appealed to the Supreme Court of Ohio, raising the following two propositions of law:

> 1. Appellate ineffectiveness is measured in the application and reopening by comparing the presented arguments on direct appeal with omitted ones, by applying the Sixth Circuit's *Mapes* factors to

2

> weigh the strengths, weaknesses, and viability of those omitted arguments, and by evaluating postconviction facts about appellate counsel's preparedness and tactics.
>
> 2. Rule 26(B) reopening is a postconviction procedure and omitted arguments from direct appeal are defaulted until a merits determination of appellate ineffectiveness is made, which triggers the remedy of eliminating default and allowing review of the omitted arguments on their merit.

(Memorandum in Support of Jurisdiction, State Court Record, ECF No. 4, Exhibit 13, PageID 125).

The Ohio Supreme Court accepted jurisdiction only over the first proposition and ultimately rejected it. *State v. Simpson,* 164 Ohio St. 3d 102 (2020). On December 15, 2021, Simpson filed the instant habeas corpus petition, pleading one ground for relief:

> **Ground One:** Simpson was denied the effective assistance of appellate counsel under the Sixth and Fourteenth Amendments. On direct appeal, appellate counsel presented weak issues, omitted stronger and obvious issues, and failed to meet with trial counsel, obtain the file, or review the file to research issues for appeal. The most important defaulted issue was that Simpson received a 51-year term and his codefendants, with roughly equal culpability, received 8- and 5-year terms, respectively. Only Simpson went to jury trial; the codefendants accepted plea deals.

(Petition, ECF No. 1, PageID 2). Although the Petition speaks generally about "omitted issues," Petitioner limited himself in his Reply to one such omitted issue: "Simpson contends that his appellate counsel was ineffective for failing to raise an Ohio disproportionate-sentencing claim on direct appeal. His habeas claim is confined to this point." (Reply, ECF No. 17, PageID 403). As will be seen below, Petitioner labels his claim as "disproportionate sentencing" when his real claim is that the sentencing judge imposed a "trial tax": extra punishment for not accepting a plea agreement.

3

**PROCEDURAL DEFAULT**

In the original Report, the undersigned concluded that, as argued by Respondent, Simpson had procedurally defaulted his Ohio disproportionate sentencing ineffective assistance of appellate counsel claim by failing to fairly present it to the Supreme Court of Ohio (Report, ECF No. 20, PageID 431). Reaching that conclusion required parsing the fractured decision of the Ohio Supreme Court. *Id.* at PageID 427-31.

Simpson objects that the fair presentment requirement in habeas turns on whether the petitioner "actually afforded the state courts the opportunity to rule on the claim *and not on whether the state courts actually availed themselves of that opportunity.*" (Objections, ECF No. 27, PageID 441, quoting Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* (7th Ed.) § 23.3(a)(emphasis added by Petitioner)). He claims that he presented his ineffective assistance of appellate counsel disproportionate sentence and trial-tax claim to the court of appeals and then again to the Supreme Court of Ohio (Objections, ECF No. 27, PageID 443, quoting Memorandum in Support of Jurisdiction, State Court Record, ECF No. 4, PageID 137-38).

In seeking Supreme Court acceptance of the case, Simpson posited two Propositions of Law:

> **PROPOSITION OF LAW I:** Appellate ineffectiveness is measured in the application and reopening by comparing the presented arguments on direct appeal with omitted ones, by applying the Sixth Circuit's *Mapes* factors to weigh the strengths, weaknesses, and viability of those omitted arguments, and by evaluating postconviction facts about appellate counsel's preparedness and tactics.
>
> **PROPOSITION OF LAW II** Rule 26(B) reopening is a postconviction procedure and omitted arguments from direct appeal are defaulted until a merits determination of appellate

> ineffectiveness is made, which triggers the remedy of eliminating default and allowing review of the omitted arguments on their merit.

(Memo. in Support of Jurisdiction, State Court Record, ECF No. 4, PageID 126). As can readily be seen, neither Proposition of Law asserts squarely that the court of appeals erred in not finding ineffective assistance of appellate counsel for omission of the discrepancy and trial tax assignment of error. Instead, they speak in the abstract about how Ohio R. App. P. 26(B) works or should work.

Nevertheless, Simpson says his Memo in Support of Jurisdiction was enough to fairly present the merits of his claim (Objections, ECF No. 27, PageID 443). That presentation seems opaque to the undersigned. Why not just a proposition of law that says the court of appeals erred when it failed to find ineffective assistance of appellate counsel in omitting this assignment of error? Certainly no less an authority on Ohio law than Chief Justice O'Connor thought the ineffective assistance of appellate counsel claim was not presented to her court on the merits, at least in Proposition of Law No. 1 over which it asserted jurisdiction. *State v. Simpson*, 164 Ohio St. 3d at ¶ 23.

Ultimately the Supreme Court of Ohio did not decide the ineffective assistance of appellate counsel claim on the merits. Certainly Simpson did not abandon the issue – the substance of the claim was argued as at least a subordinate issue in the Supreme Court. Moreover, the Ohio Supreme Court as a court did not decide to enforce a procedural bar against Simpson. Compare *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).

On reconsideration, the undersigned recommends Simpson should be given the benefit of the doubt: Simpson's argument on this issue in his Memorandum in Support of Jurisdiction should be held to be sufficient presentation to avoid procedural default of that claim

5

**MERITS OF THE INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL CLAIM**

Although the Ohio Supreme Court did not decide the ineffective assistance of appellate counsel claim on the merits, the Twelfth District Court of Appeals did. It noted that Simpson complained of the omission of three assignments of error on direct appeal including "(2) Simpson's sentence of 51 years in prison compared to his codefendants who were sentenced to 5 and 8 years in prison, respectively." (Entry Denying Reopening, State Court Record, ECF No. 4, Ex. 11, PageID 120). As to all three omitted assignments of error, the court, applying *Strickland v. Washington,* 466 U.S. 668 (1984), concluded:

> Counsel's failure to argue the issues appellant presents in his application does not raise a *genuine issue* as to whether counsel was ineffective and has not demonstrated that the results of his appeal would have been different had his appellate counsel raised the three suggested assignments of error he now asserts.

*Id.* at PageID 121.

As to the particular assignment of error at issue in this case, the court concluded:

> Second, Simpson did not demonstrate that this court would have reversed his sentence had appellate counsel challenged the trial court's sentence on appeal. Instead, the trial court properly considered the relevant sentencing guidelines and requirements and there is no indication in the record that the sentence was a result of vindictiveness by the trial court.

*Id.* at PageID 122.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S.

Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Simpson contends the Twelfth District's decision is not on the merits and therefore not entitled to deference:

> Simpson also contends that AEDPA does not bar relief. The Ohio Supreme Court issued the last-reasoned decision, declined to adjudicate the IAAC claim on the merits, and applied no procedural bar. *State v. Simpson*, 164 Ohio St.3d 102, 2020-Ohio-6719. So de-novo habeas review applies. Also, the Ohio Supreme Court clarified that the application to reopen an appeal is a threshold inquiry—not a merits adjudication. *State v. Leyh,* 166 Ohio St.3d 365, 2022-Ohio-292. So if this court looked through the Ohio Supreme Court's last-reasoned decision, Ohio's procedural rules, as interpreted by its highest court, preclude a finding the Ohio Court of Appeals decided the merits. *Id*. Finally, if this court rejects the Ohio Supreme Court's no-merits rule for denied applications and finds a merits adjudication, the Ohio Court of Appeals' decision was objectively unreasonable. § 2254(d).

(Reply, ECF No. 17, PageID 403).

For the proposition that a federal habeas court must review "the last reasoned state court decision," Simpson relies on *Barton v. Warden, SOCF,* 786 F.3d 450 (6th Cir. 2015). The court in *Barton* relied entirely on *Ylst v. Nunemaker,* 501 U.S. 797 (1991). In doing so, it made clear that "last reasoned state court decision" refers to the last reasoned state court judgment **on the issue before the federal habeas court.** For example, *Barton* refers the reader to *Loza v. Mitchell,* 766 F.3d 466, 473 (6th Cir.2014) ("We review the decision of the last state court to issue a reasoned opinion **on the issues raised** in a habeas petition."). 786 F.3d at 462-63.

7

In this case, while the Supreme Court's decision is reasoned, that court did not decide the merit of Simpson's ineffective assistance of appellate counsel claim, so the fact that the several opinions contain a good deal of "reasoning" but not on the merits does not mean there is no state reasoned state court decision entitled to AEDPA deference. The Ohio Supreme Court did not decide the merits of the ineffective assistance of appellate counsel claim no matter how much reasoning it devoted to other questions.

The Twelfth District Court of Appeals did decide the ineffective assistance of appellate counsel claim on the merits, giving two reasons for its decision: (1) The trial court properly considered relevant sentencing guidelines and (2) the record does not show vindictiveness. (Entry Denying Reopening, State Court Record, ECF No. 4, Ex. 11, PageID 122). This is sufficient reasoning to merit AEDPA deference: the court of appeals decision is explained, even if the reasoning is not extensive[1].

Simpson objects that the Twelfth District decision is not on the merits of his ineffective assistance of appellate counsel claim, but only on the threshold issue of whether his ineffective assistance of appellate counsel claim is colorable (Reply, ECF No. 17, PageID 407-408). This result is required, Simpson asserts, by *State v. Leyh*, 166 Ohio St. 3d 365 (2022). *Id.* In *Leyh* the Ohio Supreme Court described the Appellate Rule 26(B) process as involving two steps: an initial determination of whether an appellant had presented a colorable claim of ineffective assistance of appellate counsel and then, once the appeal had been reopened, a determination of the merits of that claim. The three-justice minority criticized the majority opinion for reading proof of prejudice out of the first step. Neither opinion commented, at least directly, on Justice Fischer's observation

---

[1] The Judicial Conference of the United States has interpreted the requirement of the E-Government Act that all reasoned decisions of federal judges are to be made available to the public on the internet for free to include any decisions for which the judge gives a reason.

8

Case: 1:21-cv-00777-TSB-MRM Doc #: 29 Filed: 01/12/23 Page: 9 of 14 PAGEID #: 456

in *Simpson* that appellate courts had frequently and inappropriately conflated the two stages of analysis. Nor do the opinions comment on the retroactive effect of *Leyh*.

Simpson argues that *Leyh* must be applied to this case because

> It overrules the Sixth Circuit cases that hold that a denied application to reopen is a merits adjudication under Ohio law for AEDPA deference. *Hudson, supra.* Ohio courts, not the Sixth Circuit, are definitive on Ohio law. This habeas court cannot overrule or ignore Ohio's interpretation of its own procedure.

(Reply, ECF No. 17, PageID 407-08). This overstates *Leyh*. Certainly the decisions of Ohio courts are definitive on Ohio law. *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."). But the majority opinion in *Leyh* did not purport to overrule even *Simpson*. While *Leyh* is inconsistent with conflating the two stages of analysis under 26(B), is it retroactive? While it may overturn "decades of well-reasoned precedent"[2] for the future, it gives no notice of possible impact on cases already decided, as was this one.

> The Constitution does not require that state-court decisions be applied retroactively, *see Wainwright v. Stone*, 414 U.S. 21, 23-24, 94 S. Ct. 190, 38 L. Ed. 2d 179 (1973); *Bowen v. Foltz*, 763 F.2d 191, 193-94 (6th Cir. 1985), and the retroactive application of new state decisional law to a petitioner's conviction after she has exhausted her appellate remedies is a state-law question, on which the state courts have the last word. See *Houston v. Dutton*, 50 F.3d 381, 385 (6th Cir. 1995); *see also Burleson v. Saffle,* 278 F.3d 1136, 1140 (10th Cir. 2002); *Martin v. Warden, Huntingdon State Corr. Inst.*, 653 F.2d 799, 811 (3d Cir. 1981).

---

[2] Justice Dewine's description in dissent, 166 Ohio St. 3d at 381.

9

*Volpe v. Trim*, 708 F.3d 688, 700 (6th Cir. 2013). Because the Ohio courts have not spoken on this issue, at least in any authority cited to this Court, we should follow our own precedent and treat Ohio appellate decisions rejecting a 26(B) application at the first stage prior to *Leyh* as made on the merits if that is consistent with their structure and language, as is the Twelfth District's decision here. Simpson's burden, then, is to overcome AEDPA deference and show that Twelfth District's decision on the merits is contrary to or an objectively unreasonable application of U.S. Supreme Court precedent.

In deciding a claim of ineffective assistance of appellate counsel, a habeas court is to apply the same standard adopted in *Strickland*. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.* The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983).

Simpson presented his ineffective assistance of appellate counsel claim to the Twelfth District well within this framework. He showed how little his appellate attorney had done to prosecute the appeal (26(B) Application, State Court Record, ECF No. 4, Ex. 9, PageID 100.). He demonstrated the weakness of assignments of error actually raised by counsel. *Id.* at PageID 100-01. He drew comparisons between the conduct of which he was convicted at trial and that to which his co-defendants pleaded guilty and received sentences of five and eight years, compared with his

own of fifty-one years. *Id.* at PageID 101.³ He argued that his sentence violated both Ohio Revised Code §§ 2929.11(B) and 2929.14(C)(4) because it was inconsistent with his co-defendants' sentences for essentially the same conduct⁴ and the co-defendants' sentences were proportionate to their conduct (26(B) Application, State Court Record ECF No. 4, Ex. 9, PageID 104-05). The Application offered no comparison of Simpson's sentence with those imposed for similar conduct in other cases.

As authority, Simpson relied on *State v. Moore,* 2014 Ohio 5135 (8ᵗʰ Dist. Nov. 120, 2014), and *State v. Rahab*, 150 Ohio St. 3d 152 (2017). Neither decision shows that Simpson would probably have prevailed if he had raised the omitted trial tax and disproportionate sentence assignments.

In *Moore* the Eighth District held the trial court's evidence was insufficient to support consecutive sentences. The *Moore* court distinguished between consistency and proportionality arguments:

> ¶ 1. Moore, Chaney, and two other codefendants (employees of the restaurant who were said to have aided and abetted in the crime) were charged with two counts of kidnapping with firearm specifications and one count of aggravated robbery with firearm specifications.
>
> ¶ 2 Chaney, who by all accounts, masterminded the robbery and carried the gun, pleaded guilty and received concurrent nine-year prison terms on each count, without any firearm specifications. Moore, who was not armed and was described by one of the victim's as having shown some compassion during the robbery, went to trial and received a prison term of ten years on each count, to run consecutively to each other and to a three-year firearm specification, for a total of 33 years.

---

³ Co-defendant Mincy appealed his eight-year sentence but it was affirmed. Co-defendant Gibson did not appeal.
⁴ It is arguable whether the conduct of the co-defendants is comparable. Gibson began sexual conduct with the victim but stopped when she demurred. Mincy and Simpson completed multiple acts of vaginal, anal, and oral intercourse.

11

> ¶ 9 While Chaney could reasonably expect a reduced sentence for the offenses because he pleaded guilty, the fact remains that his actions in the commission of these offenses were more egregious than Moore's actions, so the large disparity in the sentences raises questions for appellate review.

*Id.* The court said this was a consistency argument and not a proportionality argument – an argument that the punishment did not fit the crime. Simpson make no proportionality argument in this sense, i.e., an argument that fifty-one years is disproportionate in a multiple gang rape conviction. And by characterizing Chaney's reduced sentence as a "reasonable expectation" for pleading guilty, *Moore* undercuts Simpson's argument that a heavier sentence on a defendant who goes to trial is *per se* proof that a "trial tax" was imposed on him.

It is even more difficult to see how *Rahab* supports Simpson's position. In that case the defendant turned down a plea agreement which would have guaranteed him a three-year sentence. After losing at trial, he was sentenced to six years imprisonment. As opposed to relying entirely on an inference of a vindictive trial tax as Simpson does, Rahab pointed to extensive actual comments by the sentencing judge that proved to the satisfaction of the undersigned that the increased sentence was entirely because the defendant went to trial. *Rahab v. Buchanan,* 2018 WL 2764454 (S.D. Ohio June 8, 2018). However, the inference of vindictiveness was not sufficient to persuade the Ohio Supreme Court per the cited decision or the District Court, which rejected the recommendation to grant the writ. *Rahab v. Warden*, 2020 WL 532373 (S.D.Ohio, Feb. 03, 2020).

Thus the authority cited by Simpson to the Twelfth District Court of Appeals does not persuade the undersigned that Simpson received ineffective assistance of appellate counsel on his trial tax claim. Although the Twelfth District's opinion is summary, Simpson cited to that court

no authority which required a more fulsome discussion of the merits. When the state court is silent as to its reasoning in denying a claim, "a habeas court must determine what arguments or theories supported or ... could have supported the state court's decision." *Walker v. McGuiggan*, 656 F.3d 311, 318 (6th Cir. 2011), vacated on other *grounds Howes v. Walker*, 132 S. Ct. 2741, 183 L. Ed. 2d 32 (2012), *quoting Harrington,* 131 S. Ct. at 786. When the state court gives no explanation of its decision, "a habeas petitioner may meet his or her burden 'by showing there was no reasonable basis for the state court to deny relief.' " *Carter v. Mitchell*, 693 F.3d 555, 562 (6th Cir. 2012), *quoting Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 784 (2011); *Moore v. Mitchell,* 708 F.3d 760, 776-77 (6th Cir. 2013). To establish a claim of ineffective assistance of appellate counsel, a petitioner must show not only deficient performance, but also prejudice. While it may be true that appellate counsel in this case prepared poorly and even true that the trial tax claim was stronger than assignments of error actually made, the authority cited by Simpson does not show that raising that assignment of error would probably have changed the result on appeal.

This Court must judge the ineffective assistance of appellate counsel claim in the context in which it was made. The burden is on Simpson to show that it was ineffective assistance of appellate counsel to fail to raise as issues of Ohio law[5] that the 51-year sentence was disproportionate to the harm caused the victim by multiple rapes in which Simpson was the principal offender or complicit or that the much-longer sentence was imposed vindictively as a trial tax.

---

[5] Imposing additional punishment for exercising the right to trial also states a federal constitutional issue. See *North Carolina v. Pearce,* 395 U.S. 711 (1969), and *Alabama v. Smith*, 490 U.S. 794 (1989). But Simpson did not assert an omitted federal constitutional issue in his 26(B) Application.

13

Therefore this Court should defer to the decision of the Twelfth District and dismiss the Petition.

January 12, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

s/ Michael R. Merz
United States Magistrate Judge
