IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

ROGER SIMPSON,

        Petitioner,      :      Case No. 1:21-cv-777

  - vs -                              District Judge Timothy S. Black
                                          Magistrate Judge Michael R. Merz

TIM SHOOP, WARDEN,
 Chillicothe Correctional Institution

                                :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

       This habeas corpus case, brought by Petitioner Roger Simpson with the assistance of counsel, is before the Court on Petitioner's Objections (ECF No. 34) to the undersigned's Substituted Report and Recommendations (Substituted Report, ECF No. 29). District Judge Black has recommitted the case for reconsideration in light of the Objections (ECF No. 35). Respondent's time to reply to the Objections expired April 3, 2023, and no reply has been filed.

       The original Report and Recommendations (ECF No. 20) in the case had recommended dismissal on the basis of a procedural default – that Simpson had not fairly presented his claims to the Supreme Court of Ohio when it accepted his appeal from the Ohio Court of Appeals for the Twelfth District. The Substituted Report withdrew that recommendation and recommended the Petition be dismissed on the merits because the Twelfth District's decision on the merits, the last reasoned state court opinion on the relevant issue, was entitled to AEDPA deference because

1

it was not an objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984).

Simpson objects that the Twelfth District cannot be regarded as having decided the merits of his ineffective assistance of appellate counsel claims on the merits because *State v. Leyh*, 166 Ohio St.3d 365 (2022), forbids deciding the merits of such claims at the "application" stage of an Ohio App. Rule 26(B) proceeding. Instead, at that stage, *Leyh* commands the appellate court to consider only if an appellant has presented a colorable claim of ineffective assistance of appellate counsel. If so, the case is to proceed to full briefing and decision on the merits of the ineffective assistance of appellate counsel claim.

Petitioner had relied on *Leyh* to claim the Twelfth District's decision of his 26(B) Application was not a decision on the merits. The Substituted Report noted that *Leyh* was "inconsistent with conflating the two stages of analysis under 26(B)" (ECF No. 29, PageID 456). However *Leyh* was decided fourteen months[1] **after** this *Simpson* case was before the Ohio Supreme Court. The Substituted Report noted that *Leyh* did not purport to overrule *Simpson* and made no comment about being retroactively applicable to past 26(B) cases (ECF No. 29, PageID 456). It noted that federal courts are not constitutionally mandated to apply state court decisions retroactively and Simpson had not cited any Ohio authority on retroactive application. *Id.* The Substituted Report concluded on this point:

> Because the Ohio courts have not spoken on this issue, at least in any authority cited to this Court, we should follow our own precedent and treat Ohio appellate decisions rejecting a 26(B) application at the first stage **prior to Leyh** as made on the merits if that is consistent with their structure and language, as is the Twelfth District's decision here.

*Id.* at PageID 457 (emphasis added).

---
[1] *Leyh* was handed down February 8, 2022, *Simpson* on December 18, 2020.

Simpson objects that "Ohio Supreme Court decisions are given retroactive effect, although the court maintains discretion to require prospective application." (Objections, ECF No. 34, PageID 467, citing *DiCenzo v. A Best Prods. Co.,* 120 Ohio St.3d 149 (2008)). Simpson asserts *DiCenzo* requires us to apply *Leyh* to his case.

*DiCenzo* was a mesothelioma[2] case. In *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317 (1977), the Supreme Court of Ohio imposed strict product liability on nonmanufacturing sellers of defective products. *DiCenzo* held that *Temple's* strict liability holding would apply only prospectively and therefore not to products manufactured before *Temple* was decided. In reaching that conclusion, the court adopted as a matter of Ohio law the analysis of retroactivity which had been adopted as a matter of federal common law by the United States Supreme Court in *Chevron Oil Co. v. Huson,* 404 U.S. 97 (1971). The Ohio Supreme Court made it clear that application of *Chevron* to Ohio decisions is a question for the Ohio courts.

Simpson has cited no case in which an Ohio court has applied *Chevron*[3] to *Leyh*. Although Ohio may have a general presumption in favor of retroactive application of court decisions, *DiCenzo* makes it clear that presumption is not irrebuttable and no Ohio court cited to this Court has yet applied that presumption to *Leyh*.

If Simpson's 26(B) proceeding were still open, he could urge the Twelfth District to apply *Chevron* and decide that *Leyh* was retroactively applicable. But that proceeding has not only resulted in a final appealable judgment, but one that has been affirmed by the Ohio Supreme Court.

---

[2] Mesothelioma is a disease of the lungs always fatal and exclusively found in persons with exposure to asbestos-containing products.
[3] Or indeed any of the other Ohio cases cited by Justice Lundberg Stratton analyzing retroactivity under a presumption of retroactivity.

Although the question whether *Leyh* applies retroactively is a question of Ohio law, the Ohio Supreme Court in *DiCenzo* outlined the three questions from *Chevron* which are relevant:

> The [*Chevron*] court held that the answers to three questions determine whether a decision should apply prospectively only: (1) does the decision establish a new principle of law that was not clearly foreshadowed? (2) does retroactive application of the decision promote or hinder the purpose behind the decision? and (3) does retroactive application of the decision cause an inequitable result?

120 Ohio St. 3d 149, 151, citing *Chevron Oil*, 404 U.S. at 106-07.  Applying *Chevron Oil* purely hypothetically[4], the *Chevron* factors all cut against retroactive application.  Although the text of App. R. 26(B) has been in place with minor changes since 1993[5], the mandate to apply it in stages is new.  As Justice Fischer noted on appeal in this case, the practice of conflating the two stages was widespread in the Ohio appellate courts, implying the *Leyh* result was not clearly foreshadowed.  While retroactive application to 26(B) proceedings which are still open would further the purpose behind *Leyh*, retroactive application to cases like this one where the 26(B) proceeding has been closed by judgment for several years would wreak havoc with the finality of hundreds of cases.  That fact alone – the enormous amount of additional work needed to bring those cases back to finality – makes retroactive application inequitable.

Even if an Ohio court should declare *Leyh* to be retroactively applicable to cases with closed 26(B) proceedings, that would not provide a basis for granting the writ in this case.  Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. §

---

[4] Because this is a question of Ohio law this Court is not authorized to decide.

[5] 26(B) was drafted by the Supreme Court's Rules Advisory Committee in 1992 as directed by the court in *State v. Murnahan*, 63 Ohio St. 3d 60 (1992).  The purpose was to have ineffective assistance of appellate counsel claims made in the appellate courts rather than in post-conviction in the trial courts under Ohio Revised Code § 2953.21. *Manning v. Alexander*, 912 F.2d 878 (6th Cir. 1990), which had said Ohio Revised Code § 2953.21 was available, explicitly disapproved.

2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). There is no federal constitutional right to retroactive application of new state court decisions.

In sum, neither the *Leyh* Court not any other Ohio appellate decision cited to this Court holds that *Leyh* is retroactively applicable to cases where ineffective assistance of appellate counsel claims have been litigated to judgment and that judgment remains final. Therefore the Substituted Report's recommendation not to apply *Leyh* here is not an error of law.

Simpson next objects that the Substituted Report "ignores" *State v. Gwynne*, ___ Ohio St. 3d ___, 2022-Ohio-4607 (2022):

> The report errs because the Ohio Supreme Court clarified that appellate courts are required to engage in de novo review of consecutive sentences that examines whether the record supports proportionality. *State v. Gwynne*, __ Ohio St.3d __, 2022 Ohio 4607, ¶1. This case was decided on the same Consecutive Sentencing statute that Simpson cited in his application. *Id.* **The report ignores the case**, which fortifies Simpson's proportionality claim. What is more, the Ohio Supreme Court gave retroactive application to the holding, giving its benefit to a defendant sentenced in November 2016 before Simpson was ever charged. *Id*.

(Objections, ECF No. 34, PageID 469; emphasis supplied). *Gwynne* was decided December 23, 2022 and the Substituted Report was filed January 12, 2023, twenty days later. *Gwynne* did not come independently to the Magistrate Judge's attention before the Substituted Report was filed and Petitioner did not cite it to the Court until filing the current Objections. The Supreme Court did not apply the *Chevron* factors to it decision in *Gwynne* and nowhere declares that it is to be applied retroactively in other cases, much less those where there is a final judgment deciding the contested claims. While it is accurate that Gwynne was initially sentenced in 2016 before Simpson was charged in this case, appellate review of her sentence is still not complete because

5

the Ohio Supreme Court remanded to the Fifth District Court of Appeals to apply the new ruling and Westlaw does not yet report a result. Applying a new ruling in a case that is not yet final is very different from applying it to cases where doing so would require reopening judgments long since final. Simpson has not tested his retroactivity claim by seeking reopening of the appellate judgment on his ineffective assistance of appellate counsel claims.

Finally the Objections fault the Substituted Report for not discussing whether the Fifth District's finding of no prejudice was objectively unreasonable (Objections, ECF No. 34, PageID 469). The relevant portion of the appellate opinion is:

> Second, Simpson did not demonstrate that this court would have reversed his sentence had appellate counsel challenged the trial court's sentence on appeal. Instead, the trial court properly considered the relevant sentencing guidelines and requirements and there is no indication in the record that the sentence was a result of vindictiveness by the trial court.

(Opinion, State Court Record, ECF No. 4, Ex. 11, PageID 122). The appellate court is thus saying it would not have granted relief on the omitted assignment of error about sentencing if that assignment had been included on direct appeal. Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), citing *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). When the very court which would have had to find merit in an assignment of error says it does not and would not do so, there is **no** probability that its omission changed the result. To find no prejudice under those circumstances is not an objectively unreasonable application of *Strickland*. If Simpson is suggesting that the Fifth District should have anticipated *Gwynne* and found prejudice on that basis, he does not tell us how an appellate court can apply retroactively a decision which has not yet been handed down.

6

**Conclusion**

Having reviewed the Substituted Report in light of Petitioner's Objections, the Magistrate Judge adheres to his prior recommendation that the Petition be dismissed with prejudice.

May 1, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>
United States Magistrate Judge